UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | NO. 23-CR-190-02 (ABJ) |
| D'MARRELL MITCHELL | : | |

### DEFENDANT D'MARRELL MITCHELL'S
### MOTION FOR RELIEF FROM MISJOINDER AND FOR SEVERANCE OF COUNTS

Mr. D'Marrell Mitchell, through undersigned counsel, respectfully moves this Honorable Court for relief from misjoinder pursuant to Federal Rule of Criminal Procedure 8(b) and for relief from the prejudicial joinder of offenses pursuant to Federal Rule of Criminal Procedure 14. As set forth below, Count Two is misjoined with all other counts. In support of this motion, counsel submits the following.

### Factual Background

Mr. Mitchell is charged in fifteen counts of a twenty-one-count Indictment, ECF No. 3, with offenses arising out of nineteen alleged robberies. Count One alleges a single robbery conspiracy. Count Two alleges a drug conspiracy. The remaining counts are either individual counts of robbery or using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence or drug trafficking offense. Mr. Mitchell is charged in both conspiracies, eleven of the robberies and two firearm counts.

The Indictment alleges that between May 2020 and May 2021, all seven defendants, including Mr. Mitchell, were engaged in a conspiracy to commit robberies of pharmacies and cell phone stores. The indictment also alleges that six of the defendants, including Mr. Mitchell, possessed with intent to distribute the controlled substances allegedly stolen from the

pharmacies. The Indictment contains no allegations connecting the robbery conspiracy to the narcotics conspiracy.

## Argument

I.     **MISJOINDER OF COUNT TWO WITH THE REMAINING COUNTS**

As the D.C. Circuit has held, "[w]here multiple defendants are involved, Fed. R. Crim. P. 8(b) governs both joinder of offenses and joinder of defendants." *United States v. Jackson*, 562 F.2d 789, 793 (D.C. Cir. 1979) (Rule 8(b) provides sole standard where more than one defendant involved). Under Rule 8(b), the Indictment misjoins the counts associated with two separate series of transactions.

Rule 8(b) provides in full:

> (b) **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The Indictment misjoins two completely separate and distinct conspiracies, a robbery conspiracy and a narcotics conspiracy. The narcotics conspiracy is not part of the same act or transaction of the robbery conspiracy. Instead, it involves completely separate acts, namely alleged possession and distribution of narcotics, not robberies. Despite the fact that the government alleges that six of the seven defendants overlap between the two conspiracies, if they involve separate and distinct acts and transactions, they are not properly joined. *See Jackson*, 562 F.2d 789 (where multiple defendants all charged with offenses arising out of a rape and a robbery, robbery misjoined with rape because charges did not arise out of same series of acts or transactions). Although all defendants need not be charged in all offenses charged in an Indictment, Rule 8(b) does not permit multiple defendants to be charged with offenses arising out of separate acts or

transactions—all the charged offense must arise out of the same series of acts or transactions constituting an offense or offenses. *Id.* For this reason, Count Two is misjoined with the remaining counts.

Rule 8(a), which permits the joinder of offenses that are "of the same or similar character," also does not permit joinder of two dissimilar conspiracies. Count Two is not "of the same or similar character" as the remaining counts in the Indictment. Even if the offenses were similar, the similarity of offenses does not permit the joinder under Rule 8(b) which applies here because there are multiple defendants. Rule 8(a) applies only to the joinder of counts against a single defendant. As the D.C. Circuit has clarified:

> "The major distinction between subdivisions (a) and (b) lies in their treatment of offenses 'of the same or similar character.' As long as only one defendant is concerned, Rule 8(a) permits joinder of such offenses, even if they are entirely unrelated to each other. On the other hand, in the multiple defendant context, Rule 8(b) forbids joinder, even of identical crimes, unless those crimes are part of 'the same series of acts or transactions.' " *United States v. Jackson*, 562 F.2d 789, 796 (D.C.Cir.1977); *see also United States v. Perry*, 731 F.2d 985, 990 (D.C.Cir.1984).

*United States v. Gooch*, 665 F.3d 1318, 1325 (D.C. Cir. 2012).

As the D.C. Circuit has recognized, "there are definite limits to what the government can put together in a single indictment." *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991). Overlapping membership in conspiracies is not sufficient to tie two conspiracies in to one common plan or scheme. *Id.* Nor is the common plan to steal things and make money sufficient to tie two conspiracies together. *Id.* at 327 (common use of falsehoods to make money did not tie two fraud conspiracies together to support joinder).

Where, as here, Rule 8(b) does not permit joinder, no showing of prejudice is required, and severance must be granted. *See, e.g., United States v. Suggs*, 531 F.Supp.2d 13, 27-28

3

(D.D.C. 2008) ("the Court has no discretionary authority to join offenses that do not meet the requirements of Rule 8"). For this reason, the trial of Count Two, must be severed from the trial of all remaining counts.

## II.  PREJUDICIAL JOINDER OF COUNT TWO WITH THE REMAINING COUNTS

Even if the joinder of the conspiracy in Count Two with the remaining counts could somehow be deemed permissible under Rule 8(b), the Court should grant relief pursuant to Rule 14 because a joint trial of the offenses arising out of these separate conspiracies would be prejudicial to Mr. Mitchell. Rule 14(a) provides:

> (a) **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Under Rule 14, "severance is warranted when there is 'serious risk that a joint trial would' either (1) 'compromise a specific trial right of one of the defendants,' or (2) 'prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Sutton*, Crim. No. 21-0598, 2022 WL 11744415, at *4 (D.D.C. October 20, 2022) (quoting *Zafiro v. United States*, 506 U.S. 534, 541 (1993)). The D.C. Circuit has further noted: "Three kinds of prejudice warrant relief under Rule 14: 1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges.'" *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968). The decision to grant severance remains firmly within this Court's discretion and the Court may exercise its discretion to sever the defendants even if it finds they are properly joined. *Zafiro*, 506 U.S. at 541.

Here, the Court should grant relief because the joinder of the narcotics conspiracy with the robbery conspiracy and individual robberies charges will lead to the jury cumulate evidence of the separate crimes and present an intolerable risk that the jury will improperly infer a criminal disposition and treat that inference as evidence of guilt. Admission of the separate offenses in a joint trial would serve only to suggest guilt through accumulation of allegations and suggest the inference of criminal disposition.

The government's evidence of Mr. Mitchell's participation in the alleged narcotics conspiracy is centered around his association with the co-defendants. To make up for that deficiency, the jury is more likely to improperly use evidence of the other alleged conspiracy to infer criminal propensity and therefore guilt. The Court should eliminate that prejudice by separating the trial of the narcotics conspiracy from the remaining counts.

## Conclusion

For the foregoing reasons and for such other reasons as may be presented at a hearing on this motion, Mr. Mitchell respectfully requests that the Court grant relief from the misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 of Count Two with the remaining counts.

    Respectfully submitted,

    A. J. KRAMER
    FEDERAL PUBLIC DEFENDER

      /s/

    _____

    DIANE SHREWSBURY
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., Suite 550
    Washington, D.C.  20004
    (202) 208-7500