IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No.: 1:23-cr-190-ABJ |
| GLENN DOLFORD, ET AL., | : |
| Defendant. | : |

**MOTION TO SEVER**

Defendant Glenn Dolford, through undersigned counsel, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, respectfully moves the Court to sever his trial from Defendants Ashley Gause, D'Marrell Mitchell, Terrance Branham, Ashawntea Henderson, and Deaundre Blound, or in the alternative, sever the counts in the Indictment that allege acts that do not involve Mr. Dolford and allegations of distribution of controlled substances. Requiring Mr. Dolford to stand trial with his co-defendants, who are charged with more than 12 robberies between May 2020 and May 2021, several involving the use of a firearm, weapons charges, and conspiracy to distribute and possession with intent to distribute narcotics, will cause Mr. Dolford to suffer unfair prejudice.

**Procedural History**

On June 6, 2023, a 21-count Indictment was filed against Ashley Gause, D'Marrell Mitchell, Terrance Branham, Ashawntea Henderson, and Deaundre Blound, and Floyd Neal. ECF Dkt No. 3. The government alleges that between May 9, 2020 and May 26, 2021, the defendants committed a string of robberies in the mid-Atlantic region targeting cell phone stores and pharmacies. The Indictment cites 18 robberies, with each defendant charged in a subset of the

1

robberies. Ms. Gause is charged with 12 robberies, Mr. Mitchell is charged with 11 robberies, Mr. Branham is charged with five (5) robberies, Mr. Blount is charged with three (3) robberies, Mr. Dolford is charged with two (2) robberies, and Mr. Henderson is charged with one (1) robbery. The government alleges that several of the robberies involved firearms and Ms. Gause and Messrs. Mitchell Branham were charged with using, carrying, and possessing a firearm during a drug trafficking offense. Ms. Gause and Messrs. Mitchell, Branham, Neal, Henderson, and Blount were also charged with conspiracy to distribute and possess with intent to distribute a controlled substance. Mr. Neal pleaded guilty to three (3) robberies and possession of a firearm during a drug trafficking offense.

**Argument**

Pursuant to Federal Rule of Criminal Procedure 14(a), if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The type of prejudice that triggers relief under this rule is that which creates a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The serious risk of prejudice may exist when defendants are tried together that have "markedly different degrees of culpability." *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021).

In cases where "there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilty will improperly 'rub off' on the others." *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976) (citing *United States v. Kelly*, 349 F.2d 720, 756-59 (2d. Cir. 1965)). A trial court's denial of a motion to sever

has been overturned in cases involving "clear disparities between the weight, quantity, or type of the evidence" and the "critical determination [has been] . . . whether a jury could reasonably compartmentalize the evidence introduced against each defendant." *United States v. Halliman*, 923 F.2d 873, 884 (citing and quoting *United States v. Hernandez*, 780 F.2d 113, 119 (D.C. Cir. 1986)).

      Severance of Mr. Dolford from his co-defendants is warranted in this matter because there are clear disparities between the co-defendants. Mr. Dolford is charged with two (2) robberies on back-to-back days, while his co-defendants are alleged to have committed a string of robberies over the course of more than a year. Further, several of the robberies for which Mr. Dolford is not charged involve the use of a firearm. The two robberies that the government alleges Mr. Dolford participated in do not involve the use of a firearm. Testimony about the presence and use of a firearm will prejudice Mr. Dolford. There is also a strong likelihood that a jury will infer guilt to Mr. Dolford based on the number of robberies they hear about during the course of the trial.

      Lastly, the indictment includes charges related to weapons possession and possession and distribution of a controlled substance. Mr. Dolford never possessed a weapon and was not involved in the alleged drug conspiracy. A jury will be unable to separate the discrete acts alleged against Mr. Dolford after sitting through weeks of testimony about robberies and other crimes unrelated to his alleged conduct. There is a substantial risk he will be found guilty based on his mere association with his co-defendants and the evidence against them will spill over into the deliberation about the charges against him.

Based on the foregoing, Mr. Dolford respectfully moves the Court to sever his charges and trial from those of his co-defendants.

Respectfully submitted,

/s/ Marc Eisenstein
Marc Eisenstein  (DC Bar No. 1007208)
Coburn Greenbaum & Eisenstein, PLLC
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC 20036
Phone: (202) 643-9472
Fax: (866) 561-9712

marc@coburngreenbaum.com
*Counsel to Defendant Dolford*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 18, 2024, a copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via e-mail.

/s/
Marc Eisenstein

4