UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 23-cr-190-02 (ABJ) |
| D'MARRELL MITCHELL | : | |

## MOTION TO SUPPRESS EVIDENCE
## OBTAINED AS A RESULT OF UNCONSTITUTIONAL WARRANTS

Pursuant to the Fourth Amendment to the United States Constitution, Mr. D'Marrell Mitchell, through undersigned counsel, respectfully moves this Honorable Court to suppress the use of all evidence obtained based on a warrant for cellphones seized on May 27, 2021 (hereinafter "Cellphone Warrant"). *See* Exhibit 1. The Cellphone Warrant lacked probable cause and was obtained after an unreasonable delay. A hearing is requested on this motion.

### Factual Background

Mr. Thomas is charged in a twenty-one count Indictment with offenses arising out of an alleged Hobbs Act robbery conspiracy. On May 26, 2021, Anne Arundel County Police responded to a robbery of a CVS Pharmacy in Pasadena, MD. Upon arrival, police noticed an SUV leave the parking lot and strike a marked patrol vehicle. Police pursued and stopped the SUV. The only occupant of the vehicle, Ashley Gause, was arrested and taken into custody. A phone was seized from Ms. Gause.

According to the search warrant affidavit, three other suspects were seen fleeing from the CVS on foot. Within ten minutes, a call was received for a "hatch alarm" at a Green Turtle in the area. Officers requested assistance from the fire department to check the roof of the building. They did, found the latch was opened, and entered the building. Once inside, the officers

encountered and arrested D'Marrell Mitchell and Terrance Brown, both of whom were apparently later identified by CVS employees as participants in the robbery.

On May 27, 2021, a search and seizure warrant was obtained and executed for the SUV seized from Ms. Gause. Three cell phones were seized from the vehicle.

Law enforcement obtained a separate search warrant for the phone seized from Ms. Gause. Nearly a year after the tower dump warrant was signed, law enforcement was able to connect the phone seized from Ms. Gause to cell towers near five robberies being investigated by law enforcement.

"Since [the three other phones] were all discovered with [the phone seized from Ms. Gause]," law enforcement claimed "that were [was] probable cause to believe that [the three other phones] will also contain evidence of Hobbs Act Robberies." Affidavit at 21. It therefore sought and obtained a search warrant for those devices on November 19, 2021, nearly six months after the phones were initially seized.

## Argument

The Fourth Amendment imposes two general requirements: "First, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probable cause is properly established, and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011); *Maryland v. Garrison*, 480 U.S. 79, 84 (1987) ("The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized." (internal quotation marks omitted)); *see also Riley v. California*, 573 U.S. 373, 386 (2014) (Fourth Amendment requires police to obtain a warrant before searching data on cellphones.).

Furthermore, a delay in applying for a search warrant for a seized cell phone can itself be a violation of a defendant's Fourth Amendment rights. "To determine if an extended seizure violates the Fourth Amendment, [courts] balance the government's interest in the seizure against the individual's possessory interest in the object seized." *United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019).

I. **The Cellphone Warrant Was Not Supported By Probable Cause to Search and Seize All Data on the Cellphone**

"[T]o obtain a warrant to search for and seize a suspect's possessions or property, the government must do more than show probable cause to arrest him." *United States v. Griffith*, 867 F.3d 1265, 1271 (D.C. Cir. 2017). Instead, an application for a search warrant "must establish probable cause to believe . . . that evidence is likely to be found at the place to be searched." *Groh v. Ramirez*, 540 U.S. 551, 568 (2004). For example, "[p]robable cause that a resident of [a] location has committed a crime is inadequate, in itself, to satisfy th[e] requirement of showing that evidence probably will be found at the locations searched." *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995). Indeed, the D.C. Circuit has expressly rejected the government's invitation to "authoriz[e] a search of a person's home almost anytime there is probable cause to suspect her of a crime." *Griffith*, 867 F.3d at 1275.

Moreover, the warrant application must provide a logical nexus between the particular suspect, the particular evidence sought from that suspect, and the particular place to be searched. *See id*. at 1271 (noting that there must be a nexus between the item to be seized and criminal behavior). A "let's look anywhere" approach to policing is exactly what the Fourth Amendment is designed to prevent.

The three phone's mere presence in the vehicle is not enough to establish probable cause to search them. "[T]he mere association with a known or suspected criminal or the presence in a

3

location known to be involved in criminal activity does not establish probable cause." *United States v. Ralston*, 88 F.4th 776, 781 (8th Cir. 2023); *see also Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person."); *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime."). Here, the only connection between the three cell phones and the suspected criminal activity—the CVS robbery—was those phones' mere presence near the robbery in Gause's car. There is no allegation anyone saw the phone used in the CVS robbery, nor any robbery prior. Nor is there any allegation in the affidavit that the search of Gause's phone revealed any connection between her phone and the other seized phones. The phones' mere proximity to Gause and the alleged criminal activity is not enough to establish probable cause. Therefore, the warrant was constitutionally infirm.

## II.     The Cellphone Warrant Was Obtained Too Late

A seizure that is "lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes upon the defendant's possessory interests." *United States v. Jacobsen*, 466 U.S. 109, 125 (1984). Here, the government waited 176-days, or nearly 6 months, after the seizure of the cell phone to obtain a search warrant.

The discovery reveals no good reason for the delay. Under these circumstances, suppression is warranted. *See, e.g.*, *United States v. Mitchell*, 565 F.3d 1347, 1351-52 (11th Cir. 2009) (ordering suppression of evidence from a computer hard drive a after 21-day delay where the agent left for a training and stated he "didn't see any urgency" to apply for a search warrant); *Pratt*, 915 F.3d at 272 (ordering suppression of evidence from a smartphone after 31-day delay where agents were indecisive about whether to seek a warrant); *United States v. Tisdol*, 544 F.

4

Supp. 3d 219, 227 (D. Conn. 2021) (ordering suppression of evidence from a smartphone after 34-day delay where no explanation was offered other than failure to communicate); *see also United States v. Dass*, 849 F.2d 414, 414-15 (9th Cir. 1988) (affirming suppression where there was a delay of 7-23 days in getting warrant to search seized packages); *United States v. Bumphus*, 227 A.3d 559, 568 (D.C. 2020) (affirming suppression where there was a four day delay between the seizure of the vehicle and other items (e.g., cell phone) and the warrant to search it).

## Conclusion

For the foregoing reasons, and such other reasons as may be presented at a hearing on this motion, the warrant lacked probable cause and was obtained too late, and the evidence seized must be suppressed as the fruit of the unlawful searches. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed). Mr. Mitchell respectfully requests that the Court suppress the use as evidence of all materials seized as the result of the unconstitutional search of the cellphones, and all evidence derived from the evidence found on the cellphones.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

*/s/ Diane Shrewsbury*
DIANE SHREWSBURY
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500