UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHLEY GAUSE, et al.,<br><br>Defendants. | Criminal Case No. 23-cr-190 (ABJ) |

**GOVERNMENT'S NOTICE OF EXPERT TESTIMONY
IN THE FIELD OF DITIGAL FORENSICS**

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby provides notice that it may introduce the testimony of two expert witnesses in the field of digital forensics as described in the attached letter, which was provided to defense counsel on June 20, 2025. The government will supplement these disclosures as appropriate and sufficiently before trial to provide the defense a fair opportunity to meet the evidence. *See* Fed. R. Crim. P. Rule 16(a)(1)(G)(ii).

                              Respectfully submitted,

                              JEANINE FERRIS PIRRO
                              United States Attorney

By:   /s/ Sarah Martin_____
        Sarah Martin
        Assistant United States Attorney
        D.C. Bar 1612989
        601 D Street NW
        Washington, DC
        (202) 252-6775
        Sarah.Martin@usdoj.gov



U.S. Department of Justice

JEANINE FERRIS PIRRO
United States Attorney

District of Columbia

*Patrick Henry Building*
*601 D Street NW*
*Washington, DC 20530*

June 20, 2025

Carmen Hernandez, Esq.
*Counsel for Ashley Gause*
Diane Shrewsbury, Esq.
*Counsel for D'Marrel Mitchell*
Erin Scialpi, Esq.
*Counsel for Terrance Branham*
Peter Cooper, Esq.
*Counsel for Deaundre Blount*
**VIA EMAIL AND ECF**

        Re:    United States v. Gause et al.
                  Case No. 23-cr-190 (ABJ)

Dear Counsel,

      We are writing pursuant to Rule 16 of the Federal Rules of Criminal Procedure to provide notice of the following expert witnesses whom the government may call at trial in this matter:

**Detective Michael Krok, Anne Arundel County Police Department ("AACPD")**
**FBI Special Agent Steven Lopacinski, Computer Analysis Response Team ("CART")**

*Qualifications*

      Detective Michael Krok is an examiner in AACPD's Digital Forensics Lab. As an examiner, Detective Krok conducts extractions and imaging of mobile devices and storage media, conducts forensic examinations of devices containing digital evidence for criminal investigations, trains news recruits at the AACPD training academy, analyzes data extracted from devices for evidence of criminal activity, evaluates and modifies SOPs to ensure compliance with best practices, maintains and validates new and existing forensic hardware, and ensures the lab is compliant with ANAB policies to maintain accreditation.

Agent Lopacinski works as a Digital Forensic Examiner for FBI CART in Manassas, Virginia. As a forensic examiner, Agent Lopacinski is responsible for imaging, extracting/copying contents of electronic devices, including electronic storage media, cellphones, and other electronic devices.

Detective Krok and Agent Lopacinski's CVs were separately provided to you and include their training, education, qualifications, and any prior expert testimony.

*Testimony to Be Elicited*

Detective Krok and Agent Lopacinski are experts in the field of digital forensics and performed extractions of a target cellphone associated with this case. They then generated reports containing relevant data obtained from those extractions.

Specifically, Detective Krok used GrayKey and Cellebrite to conduct an extraction of Defendant Gause's cellphone, and then used Cellebrite to process the data and generate a report. That report was previously disclosed during discovery. Agent Lopacinski conducted an extraction of Defendant Mitchell's cellphone and SIM card using GrayKey and Cellebrite, respectively. Agent Lopacinski used Cellebrite to process the data and generate a report, which was previously disclosed as serials 150 and 158 in the FBI case file.

Detective Krok and Agent Lopacinski will testify about the extractions performed on Defendant Gause and Defendant Mitchell's cellphones, respectively, and the results of those extractions. They will testify about the use of Cellebrite software/hardware, which was used to review data from these extractions. Much of that testimony will be "fact" testimony and will not fall within the ambit of "expert" testimony.

Testimony from Detective Krok and Agent Lopacinski will be based on their knowledge, skills, training and experience in the areas of extraction of data from cellphones. Such testimony will likely include information about the following:

- The imaging of electronic devices, including cellphones
- Cellphone extractions
- Forensic tools used to perform cellphone extractions, including Cellebrite and Graykey
- The extraction process using Cellebrite and Graykey
- The types of data that can be extracted from cellphones
- How data extracted from cellphones is transferred to the FBI for review
- Chain of custody of the target cellphones
- Authentication of the various device extraction reports in this case
- The limitations of forensic extraction tools

Detective Krok and Agent Lopacinski will testify about the information contained in their respective reports, including dates when certain photos were created or sent, and the digital location of those photos. They will explain how digital files are saved to a cellphone and how they can be recovered through digital forensics. They may also testify about the recovery of deleted files and may describe certain files recovered from the target phones that had previously been deleted. To the extent that Detective Krok and Agent Lopacinski rely on their expertise in the field

2

of digital forensic to render a conclusion about, for example, the date/time a photo was created or sent, the exact time a text message or phone call was placed or received, the location of the target cellphone at the time of a certain text message or phone call, the date/time a photo was deleted, or the use of certain applications or methods to reduce a digital footprint, the government will seek to qualify Detectives Krok and Agent Lopacinski as experts in the field of digital forensics.

Extraction reports were previously provided to defense counsel as part of discovery. However, to the extent that additional reports or exhibits are generated in preparation for trial, such material will be provided on an ongoing basis.

Reviewed and Approved By: /s/ *Michael Krok*
Detective Michael Krok

Reviewed and Approved By: /s/ *Steven Lopacinski*
Agent Steven Lopacinski

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Sarah Martin
Sarah Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
(202) 252-6775
Sarah.Martin@usdoj.gov

3