UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ASHLEY GAUSE, et al.,**<br><br>Defendants. | Criminal Case No. 23-cr-190 (ABJ) |

**GOVERNMENT'S NOTICE OF EXPERT TESTIMONY IN THE FIELD OF
FORENSIC SEROLOGY AND FORENSIC DNA ANALYSIS**

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby provides notice that it may introduce the testimony of two expert witnesses in the field of forensic serology and forensic DNA analysis as described in the attached letter, which was provided to defense counsel on June 20, 2025. The government will supplement these disclosures as appropriate and sufficiently before trial to provide the defense a fair opportunity to meet the evidence. *See* Fed. R. Crim. P. Rule 16(a)(1)(G)(ii).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  /s/ Sarah Martin_____
Sarah Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
(202) 252-6775
Sarah.Martin@usdoj.gov



U.S. Department of Justice

JEANINE FERRIS PIRRO
United States Attorney

District of Columbia

*Patrick Henry Building*
*601 D Street NW*
*Washington, DC 20530*

June 20, 2025

Carmen Hernandez, Esq.
*Counsel for Ashley Gause*
Diane Shrewsbury, Esq.
*Counsel for D'Marrel Mitchell*
Erin Scialpi, Esq.
*Counsel for Terrance Branham*
Peter Cooper, Esq.
*Counsel for Deaundre Blount*
**VIA EMAIL AND ECF**

      Re: United States v. Gause et al.
         Case No. 23-cr-190 (ABJ)

Dear Counsel,

  We are writing pursuant to Rule 16 of the Federal Rules of Criminal Procedure to provide notice of the following expert witnesses whom the government may call at trial in this matter:

**Lara Adams, Forensic DNA Examiner**
**Jessica Van Dyke, Forensic DNA Examiner**

  Lara Adams and Jessica Van Dyke are experts in the field of forensic serology and forensic DNA analysis. They currently work as forensic examiners in the FBI Laboratory DNA Casework Unit in Quantico, Virginia. In order to obtain their position as forensic examiners, Ms. Adams and Ms. Van Dyke were required to successfully complete oral boards on the topics of serology, DNA, and population genetics and statistics, moot court exercises to ensure that they can explain their findings to an audience and pass a competency test in DNA interpretation. Since being qualified as forensic examiners, Ms. Adams and Ms. Van Dyke have been required to participate in at least two proficiency tests per year.

  Ms. Adams has performed DNA analysis and interpretation in thousands of criminal cases, and Ms. Van Dyke has performed DNA analysis and interpretation in hundreds of criminal cases.

The probabilistic genotyping software, STRmix™ has been used by the FBI Laboratory DNA Casework Unit since 2015 to assist with the interpretation of evidence DNA profiles and statistical analysis. In their time at the FBI Laboratory, Ms. Adams and Ms. Van Dyke have utilized STRmix™ in hundreds of criminal cases, to include the case at hand.

*Qualifications, Publications, and Testimonies*

All qualifications, as well as a list of all other cases during the previous four years in which Ms. Adams and Ms. Van Dyke have testified as experts, are contained within their curriculum vitae, which have been provided separately to you.

*The Witness's Opinions*

At trial, Ms. Adams and Ms. Van Dyke will provide general background information regarding forensic DNA testing and will describe/define deoxyribonucleic acid (DNA), how DNA varies from person to person, how DNA may transfer from its original source to another person and or object, and what factors may affect the quality and or quantity of DNA detected. They will testify factually about DNA in general (*i.e.*, what it is, where it can be found, its uniqueness, its durability, and use in forensics) and the testing process used during the testing in this case. This testimony will include how an individual may transfer his or her DNA to another person or object through physical contact. They will testify that DNA may be left behind in bodily fluids, such as blood, saliva, or semen. They will explain that skin cells also contain DNA and that a person may or may not leave behind skin cells after making physical contact with their skin and an object. Even if skin cells or bodily fluids are left behind on such objects, in some cases, the amount of cells or DNA left behind on the surface may not be sufficient to analyze. Additionally, they will testify about the factors that could affect the ability to recover DNA on an item, including the length of contact with the item, quantity or amount of DNA left, variations between individuals, whether the item was wiped, washed or cleaned, or variation in the surface at issue and the nature of the contact.

Ms. Adams and Ms. Van Dyke will also testify that when evidence is received at the FBI Laboratory for DNA analysis, a team of biologists process the evidence in accordance with the Standard Operating Procedures of such tests, the results of which are then reviewed by the Forensic Examiner in the DNA Casework Unit assigned to the case, to ensure no additional testing is needed.

Ms. Adams and Ms. Van Dyke will provide their expert opinion that from the samples submitted to them for analysis, DNA profiles were recovered. They will describe the process used to recover those profiles, which include collection, extraction, quantitation, amplification, analysis, and interpretation. This will also include describing the individualizing characteristics used to conduct a DNA analysis, i.e., short tandem repeats, how DNA typing is performed at the FBI Laboratory and the possible outcomes of a DNA examination. They will also explain how a DNA profile is interpreted, what factors may affect such interpretation, and the process for determining the number of contributors to an evidentiary profile.

Ms. Adams and Ms. Van Dyke determined that DNA profiles developed in this case were suitable for comparison and compared these DNA profiles using the applicable Quality Assurance

Manual and Standard Operating Procedures in place at the time at the FBI Laboratory,[1] calculated statistics, and documented their conclusions in written reports dated August 23, 2023 (Adams), April 1, 2024 (Adams), July 29, 2024 (Van Dyke), and two reports dated March 19, 2025 (Adams), all of which were provided to you during discovery. They will describe how such comparisons were performed and what possible conclusions may be reached in performing forensic DNA examinations in accordance with the United States Department of Justice Uniform Language for Testimony and Reports.[2]  Additionally, they determined that certain DNA samples contained mixtures of five or more individuals and were therefore not suitable for comparison.  In their testimony, they will describe how they reached that conclusion and why those items were not suitable for comparison.

 More specifically, Ms. Adams and Ms. Van Dyke will testify regarding the examinations they conducted in this case, the results of which are contained in their aforementioned Laboratory Reports.

The probabilistic genotyping software program called STRmix™, was used by Ms. Adams and Ms. Van Dyke in this case.  They will explain that the DNA profiles developed in this case were imported into the STRmix™ software, which calculates a statistical probability called a "likelihood ratio."[3]  For an inclusion, the likelihood ratio describes how much more likely it is to obtain the DNA results if the person of interest is a contributor to the DNA profile, rather than if an unknown, unrelated person is a contributor to the DNA profile.  They will further explain that the FBI Laboratory uses a qualitative verbal scale to describe the strength of support that likelihood ratio provides to the conclusion.  They may explain that the Scientific Working Group on DNA Analysis Methods (SWGDAM) recommends these supplementary verbal qualifiers, which are reflected in the FBI Standard Operating Procedures.[4]  They may also explain that the STRmix™ software has been thoroughly validated, both developmentally by the manufacturer and internally by the FBI Laboratory prior to its use in forensic casework, and the software is used widely within the forensic community which means that numerous laboratories have tested the STRmix probabilistic genotyping software and found it to reliably produce accurate results.  In addition, they may testify that the use of STRmix™ has been subject to extensive peer-reviewed

---

[1] The Quality Assurance Manual and relevant Standard Operating Procedures used in this case were produced along with the DNA discovery file on March 28, 2025.

[2] *See* Department of Justice Uniform Language for Testimony and Reports. https://www.justice.gov/olp/uniform-language-testimony-and-reports

[3] A likelihood ratio (LR) is a statistic for the comparison of the probability of the evidence (E), given two competing propositions. The inclusionary proposition (H1), includes the person of interest and, for mixed samples, known and/or unknown, unrelated individuals. The total count of individuals included in the proposition is equal to the number of contributors interpreted to be in the sample. The exclusionary proposition (H2) generally consists of unknown, unrelated individuals, equaling the total number of contributors interpreted to be in the sample. *See Department of Justice Uniform Language for Testimony and Reports for Forensic Autosomal DNA Examinations Using Probabilistic Genotypic Systems. December 12, 2022.*

[4] Recommendations of the SWGDAM Ad Hoc Working Group on Genotyping Results Reported as Likelihood Ratios. https://www.swgdam.org/publications

publications. They may testify that the internal parameters and the protocol for using STRmix™ were developed based upon the FBI Laboratory's internal validation studies and can be found in the FBI Laboratory Procedures. Ms. Adams and Ms. Van Dyke will testify that they used STRmix™ in accordance with those procedures, which was verified by another qualified Forensic Examiner during the technical review process.

*The Basis and Reasons for the Witness's Opinions*

Ms. Adam's and Ms. Van Dyke's opinions are based on their personal examination of the results as well as their training, education, experience, and expertise as Forensic DNA Examiners. Their expert forensic opinions, and the basis for those opinions, are guided by Standard Operating Procedures and applicable Quality Assurance Manual (both of which will be provided in discovery shortly) and set forth more fully in their written reports. Ms. Adams and Ms. Van Dyke may also rely on peer-reviewed literature to provide context to the DNA results, e.g., transfer, persistence, and recovery of DNA profiles on items of evidence.

Reviewed and Approved By: _____
Lara Adams

Reviewed and Approved By: _____
Jessica Van Dyke

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   /s/ Sarah Martin_____
Sarah Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
(202) 252-6775
Sarah.Martin@usdoj.gov

4