UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 23-cr-190-02 (ABJ) |
| D'MARRELL MITCHELL | : | |

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS SEVENTEEN AND NINETEEN OF THE INDICTMENT**

D'Marrell Mitchell, through counsel, respectfully files this reply in support of his motion to dismiss Counts Seventeen and Nineteen of the indictment, charging him with 18 U.S.C. § 924(c)(1)(A)(ii), pursuant to Fed. R. Crim. P. 12(b). For the reasons discussed below, this charge fails to state an offense because Hobbs Act robbery, the predicate offenses which counts seventeen and nineteen rely upon, is not a crime of violence under § 924(c)'s elements clause.

**I.   Hobbs Act Robbery is Not a Crime of Violence Because it Can be Committed by Threatening to Harm Oneself or Threatening Non- Physical Injury.**

As explained in Mr. Mitchell's motion to dismiss, Hobbs Act robbery is not a crime of violence because, under the plain text of the statute, it can be committed by threatening non-physical injury and because it can be committed by threatening to harm oneself. And in support of this argument, Mr. Mitchell offered several examples of this sort of conduct that would qualify as Hobbs Act robbery under the plain text of the statute but would not involve the use of physical force against the person or property of another as required by § 924(c).

The government disagrees. It argues that Mr. Mitchell's examples fail to satisfy the "realistic probability" test from *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), because he does not point to a specific instance where such conduct has been charged under the Hobbs Act. The problem: the realistic probability test does not apply in federal cases. As the Supreme Court explained in *United States v. Taylor*, 596 U.S. 845 (2022): "The immigration statute at issue in

1

*Duenas-Alvarez* required a federal court to make a judgment about the meaning of a state statute." *Id.* at 858-59. "Appreciating the respect due state courts as the final arbiters of state law in our federal system, this Court reasoned that it made sense to consult how a state court would interpret its own State's laws." *Id.* at 859. "Meanwhile, no such federalism concern is in play here." *Id.* "The statute before us asks only whether the elements of one federal law align with those prescribed in another." *Id.* Therefore, the realistic probability test did not apply. For the same reason, the realistic probability test does not apply here. Like Taylor, this case involves a federal statute, not a state one.

The government also relies heavily on the fact that other courts have concluded that Hobbs Act robbery is a crime of violence. But as the Supreme Court and D.C. Circuit have consistently taught us, having the weight of authority does not mean having the better of the argument—especially when it comes to the categorical approach. The Fourth Circuit was the lone Circuit to say attempted Hobbs Act robbery was not a crime of violence, yet the Supreme Court agreed with it. *See generally United States v. Taylor*, 596 U.S. 845 (2022). And the D.C. Circuit was the first court in the nation to hold that bank robbery was not a crime of violence, yet it did not hesitate to reach that result. *See generally United States v. Burwell*, 122 F.4th 984 (D.C. Cir. 2024).

Notably, many of the courts that have sided with the government have done so because they refused to engage with Mr. Mitchell's arguments, even if such arguments were right. *See, e.g.*, *United States v. Crocker*, 2023 WL 4247255, at *3 (10th Cir. 2023). The Tenth Circuit in *Crocker*, for example, was presented with one of Mr. Mitchell's scenarios: a person "can commit a Hobbs Act robbery by threatening to . . . spread false information about [a] business and thereby depress[] its value." No. 22-4120, Docket Entry 18-1 at 17 (10th Cir.). And the *Crocker* court did not disagree: it just refused to engage with the issue. *See* 2023 WL 4247255, at *3 ("Crocker

2

advances arguments . . . that we did not address in [a prior] case— for example, that Hobbs Act robbery does not satisfy the elements clause because it can be committed through a threat to intangible property." But "'we are bound to follow [the prior case].'") (citation omitted).

In any event, Mr. Mitchell has the better of the argument on the Hobbs Act's text. For example, Hobbs Act robbery can be committed by putting someone in "fear of injury, immediate or future, to his . . . property." 18 U.S.C. § 1951(b)(1). In analyzing what constitutes "fear" in the Hobbs Act, courts have repeatedly said that "fear" can be satisfied by putting the victim in fear of economic loss. *United States v. Capo*, 817 F.2d 947, 951 (2d Cir. 1987) (en banc; citation omitted). The government complains that the case law interpreting fear arises from Hobbs Act extortion, not robbery.[1] But D.C. Courts have defined fear as including fear of economic loss or damage even in the Hobbs Act robbery context. *See United States v. Donnell Crews*, 2021 WL 5798033 (D.D.C. 2021) (jury instructions defining fear at ECF No. 204); *see also* 3 Leonard B. Sand et al., *Modern Federal Jury Instructions*, Instr. 50-6 (Hobbs Act robbery instructions say: "[f]ear exists if a victim experiences anxiety, concern, or worry over . . . business loss."); *Id.* at Instruct. 50-5 (explaining that Hobbs Act robbery include threats of "causing economic rather than physical injury").

Indeed, our Circuit recently made clear that robbery and extortion overlap. Rejecting the claim that "robbery and extortion were distinct crimes at common law, and Congress imported this

---

[1] The government, relying on *Bryant*, 2023 WL 5046811, at *4, argues that Hobbs Act's use of the term "fear of injury" does not encompass fear of economic or reputational injury because the word "fear" in the statute is narrowed by the phrase "actual or threatened force, or violence." *See* Gov't Opp. at 6, ECF No. 188. But this interpretive argument—that a phrase is narrowed by the company it keeps—lacks force when at, common law, robbery encompassed both threats of violence and threats to do reputational harm (i.e., accuse someone of sodomy). Indeed, it is unclear what the government believes is covered by the phrase "fear of injury" under its theory that is not likewise encompassed by threats of force or violence.

3

'old soil' [] into the Hobbs Act," *United States v. Burwell*, 122 F.4th 984, 992 (D.C. Cir. 2024), the court noted that "the fear element of common law robbery could be induced by threats of something other than violence. As Blackstone explained, 'extorting money or [any] other thing of value by means of a charge of sodomy may be robbery.'" *Id.* at 992-93 (citation omitted). Robbery also "encompass[ed] [other] threats because they would 'so injure a person,'" such as accusing him of a different "infamous crime." *Id.* at 993 (citations omitted). "The upshot of the common law is that some non-violent extortionate threats rose to the level of robbery." *Id.* And these "common law principles" were "brought into the Hobbs Act," *id.* at 994, and then expanded upon. *See also, e.g., United States v. Pena*, 161 F. Supp. 3d 268, 280 (S.D.N.Y. 2016) ("Hobbs Act robbery is modeled on common law robbery.").

The Hobbs Act's definition of robbery overlaps with extortion in other ways too. For example, obtaining money by threatening "future" "injury" to "property" is "robbery," § 1951(b)(1), even though "that degree of attenuation is characteristic of extortion." *United States v. Lynch*, 268 F. Supp. 3d 1099, 1106 (D. Mont. 2017). This reflects the "overlap between the Hobbs Act's definitions of traditionally violent robbery and traditionally non-violent or less-violent extortion." *Id.* Indeed, even if the threat above "describes classic extortion," it "also satisfies the basic elements of Hobbs Act robbery, which is our inquiry under the categorical approach." *United States v. O'Connor*, 874 F.3d 1147, 1153 (10th Cir. 2017). The "Federal Criminal Code is replete with provisions that criminalize overlapping conduct," *Pasquantino v. United States*, 544 U.S. 349, 358 n.4 (2005), and Hobbs Act robbery and extortion are no exception.

Hobbs Act robbery, under the plain text of the statute, can also be committed by threats to injure oneself. "Picture a wife threatening to shoot herself in front of her children if her husband

4

does not sign over full ownership of their house. The husband does so." Mot. at 3, ECF No. 166. That's robbery and, as with threatening accusations of sodomy, fits easily within the capacious text of the Hobbs Act. Because "robbery" includes a taking from a person "by means of actual or threatened force . . . to . . . a relative or . . . anyone in his company," § 1951(b)(1), when someone is a person's "relative" or "in his company" and takes from him by threatening self-harm, that's "robbery."

The government disagrees, arguing that a wife's threats to shoot herself if her husband does not give her their home are extortion, not robbery, because the husband has a choice whether to turn over the house or not. Gov't Opp. at 5. And that choice is what distinguishes robbery from extortion. *Id.* But the same could be said when a stranger threatens to shoot his wife. The husband could refuse to turn over his house then too. Yet, all agree that would be a Hobbs Act robbery. Indeed, under its plain text, Hobbs Act robbery criminalizes conduct involving threats to the victim's property. *See, e.g.*, *O'Connor*, 874 F.3d at 1158; *United States v. Chappelle*, 41 F.4th 102, 109 (2d Cir. 2022); *United States v. Hatley*, 61 F.4th 536, 538 (7th Cir. 2023). Someone can commit Hobbs Act robbery, for example, by threatening to take a baseball bat to the victim's car if he does not hand over his wallet. It defies logic to suggest, as the government seems to, that a husband has *more* of a choice when his wife threatens to kill herself than when a stranger threatens to damage his car.

At the end of the day, the categorical approach is a "straightforward job: Look at the elements." *Taylor*, 596 U.S. at 860. "The only relevant question is whether the federal felony at issue always requires the government to prove," *id.* at 850, the "use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). And, contrary to the government's suggestion, a "hypothetical" can "illustrate" why the answer is no. *Taylor*, 596

5

U.S. at 851. Because Hobbs Act robbery can be committed by threatening non-physical injury and harm to oneself, it is not a categorical crime of violence.

### II. Hobbs Act Robbery is Not a Crime of Violence Because it Is Indivisible with Hobbs Act Extortion.

Hobbs Act robbery also is not a crime of violence because it is indivisible between robbery and extortion. The D.C. Circuit's decision in *United States v. Burwell*, 122 F.4th 984 (D.C. Cir. 2024), is instructive. In *Burwell*, the Circuit found that the federal bank robbery statute (18 U.S.C. § 2119) was indivisible between federal bank robbery and federal bank extortion for a host of reasons that extend to the Hobbs Act. *Id.* at 996; *see also United States v. Khatallah*, 41 F.4th 608, 633 (D.C. Cir. 2022) (listing robbery and extortion as "different means of committing the substantive offense").

In *Burwell*, the Circuit highlighted the fact that the same punishment applied to bank robbery and bank extortion, and "when legislators attach the same punishment for statutory alternatives, that provides meaningful evidence that the provision may be indivisible." 924 F.4th at 990. It drew further meaning from the fact that Congress did not provide a different mens rea for violations of § 2113(a) accomplished through extortion than it did for violations accomplished through force and violence and through intimidation. *Id.* It also noted that the statute's punctuation supported its conclusion that the statute was indivisible: section "2113(a) naturally places a comma before extortion, as it does between force and violence and intimidation, rather than more disjunctive punctuation like a semicolon." *Id.* at 990. In addition, the Circuit noted how the extortion and force and violence or intimidation alternatives served the same function in the statute. "[T]he plain text of § 2113(a)'s first paragraph criminalizes *how* someone unlawfully comes into possession of bank property—either by taking or attempting to take by force, violence, or intimidation; or by obtaining, or attempting to obtain bank property by extortion. *Id.* at 911

(emphasis added).  In addition, as explained above, the Circuit homed in on the historical similarities between extortion and robbery and their overlap at common law. *Id.* at 992-93.

These factors all counsel in favor of finding Hobbs Act robbery indivisible.  Extortion and robbery have the same statutory maximum punishment and do not have separate mens rea.  And, although defined in separate statutory subsections, they are referenced in the same paragraph like § 2113. Indeed, they are referenced in the same sentence and even in the same phrase. Further they are not separated by any disjunctive punctuation at all (comma or otherwise).  And, although in the bank robbery context the Circuit suggested the common law did not carry over, it suggested it might in the context of the Hobbs Act.  And that supports a conclusion the statute is indivisible because extortion and robbery could be and were committed by overlapping means at common law.

Because Hobbs Act robbery and extortion are indivisible, and all parties agree Hobbs Act extortion is not a crime of violence, Counts Seventeen and Nineteen are not based on a valid § 924(c) predicate.

## **CONCLUSION**

For all of the above reasons, the Court should dismiss Counts Seventeen and Nineteen of the Indictment.[2]

---

[2] The government argues in a footnote that the categorical approach should not be applied to a pretrial motion to dismiss.  But, as the Supreme Court has held, the categorical approach applies to § 924(c) crime of violence offense and the D.C. Circuit has repeatedly applied it. *See United States v. Taylor*, 596 U.S. 845, 850 (2022); *United States v. Burwell*, 122 F.4th 984, 988 (D.C. Cir. 2024); *United States v. Smith*, 104 F.4th 314, 319 (D.C. Cir. 2024).  All facts and evidence developed at trial will be legally irrelevant and of no use resolving the question before the court. There is no reason to apply the incorrect legal test to this pure question of law simply because this issue is being decided at the motion to dismiss stage.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

*/s/ Diane Shrewsbury*
DIANE SHREWSBURY
BENJAMIN SCHIFFELBEIN
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500