UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | No. 23-cr-190-02 (ABJ) |
| D'MARRELL MITCHELL : | |

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS THREE, FOUR, FIVE, NINE, ELEVEN, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, SEVENTEEN, EIGHTEEN, NINETEEN, TWENTY, AND TWENTY-ONE FOR LACK OF VENUE**

Mr. D'Marrell Mitchell, through undersigned counsel, respectfully submits this reply in support of his motion to dismiss counts three, four, five, nine, eleven, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, and twenty-one of the Indictment for lack of venue. The government concedes that no essential conduct element of the charged robberies occurred in the District of Columbia, instead arguing that either (1) robbery is a continuing offense, or (2) the government will present evidence at trial to demonstrate that each of the robberies affected commerce in the District of Columbia. The government has failed to establish venue. Robbery is not a continuing offense, and, to date, the government has provided no evidence to support its argument that commerce was affected in the District of Columbia. Therefore, Mr. Mitchell asks the Court to grant the motion and dismiss the counts.

**I.      The Charged Hobbs Act Robberies Began, Continued, and Were Completed Outside the District of Columbia.**

The government points to cases supposedly calling Hobbs Act robbery a "continuing offense" and asks the Court to essentially conclude that Hobbs Act robbery runs in perpetuity as long as a person is in possession of an item that was taken, such that venue would be proper in any location where the item was at some point present. That is not the case. Even under the statute about continuing offenses, a conclusion is necessary. And venue is only proper where the offense began, continued or was completed. *See* 18 U.S.C. 3237(a).

Starting with the beginning. Venue must be based on part of the crime itself, not merely steps taken in preparation. *See United States v. Davis*, 689 F.3d 179, 186 (2d Cir. 2012) (citing *United States v. Tzolov*, 642 F.3d 314, 319 (2d Cir. 2011); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989)). The government argues that searching for an address or driving out of the District of Columbia were part of the crime of robbery, but that is not that case. Those actions are mere preparation, which cannot be a basis for venue for the specific robberies themselves. One way to think about preparation versus a part of the offense itself is whether the act could qualify as a substantial step for an attempt. Searching for an address and even driving to a location are not substantial steps and they are not part of the offense itself. They are mere preparation and cannot be the basis for venue.

Next, the government argues that returning to the District of Columbia after a robbery provides venue in the District. That would only be the case if the robbery continued after the taking and followed the item home with the person who did the taking. A robbery is concluded when the item is secure in the possession of the person who took it. The government's cited authority says as much. In *Carter v. United States*, the court notes that "the crime of robbery is complete with only a slight asportation." 223 F.2d 332, 334 n.3 (D.C. Cir. 1955). Once the item has been taken or carried away and no pursuit occurs, the item has been secured and the robbery is complete.

> It is quite clear that the crime of robbery is not complete without some carrying away, and the only question which can arise in this connection relates to the distance the goods must be carried, and the circumstances under which they are carried, in order to segregate the continued asportation from the crime itself. Though the crime of robbery is complete with only a slight asportation, yet, if the carrying away is in fact a long distance, the crime is still in process of commission if pursuit of the robber is immediately begun and continued without interruption until the flight has carried the perpetrator to a place of seeming security, or until uninterrupted pursuit is no longer continuously active.

*Id*. The government has not argued here that any of the robberies ended in a pursuit that continued into the District of Columbia. Thus, when the items were secured, immediately after the taking and with no continued pursuit, the robbery was completed. No element of the robberies—beginning, continuation, or completion—occurred in the District of Columbia. Therefore, venue is not proper.[1]

## II. The Government Has Not Provided Sufficient Evidence to Establish Venue Through Effects on Interstate Commerce.

The government's back up theory about venue is just that, theoretical and hypothetical. First, the government cites to no case to support its argument that distribution of the drugs in the District of Columbia or offloading of the phones in the District of Columbia is sufficient to support a claim of venue.

Second, the government has provided no evidence that the drugs were in fact distributed in the District of Columbia or the phones were in fact sold in the District of Columbia. The government appears to assume as much, but an assumption is not sufficient to support venue.

---

[1] The government's cited cases saying Hobbs Act robbery is a continuing offense are consistent with Mr. Mitchell's argument here. For example, in *Davis*, the Second Circuit holds that venue was appropriate in the Southern District of New York due to the effects on commerce and the defendant's actions to seek assistance in the Southern District of New York during the pendency of the attempted robbery. 689 F.3d at 188-90. *United States v. Bowens* does not involve charges of Hobbs Act robbery and the Fourth Circuit discusses venue in Hobbs Act robbery to analogize that venue might be proper where effects are felt. 224 F.3d 302, 313 (4th Cir. 2000). The Fourth Circuit makes no holding regarding the proper venue for Hobbs Act robbery. In *United States v. Carpenter*, the court was tasked with determining what acts an individual took to aid and abet a robbery and where those acts took place. 819 F.3d 880, 891 (6th Cir. 2016). The government in *Carpenter* put forth specific evidence that Carpenter made arrangements to procure a firearm in Michigan. *Id*. Thus, Carpenter's direct actions to aid and abet took place in Michigan. The government has proffered no such evidence here, instead merely relying on the fact of travel out of and into the District. *United States v. Thompson* did not address venue, but instead held that were a payment as part of an extortion scheme occurred within the statute of limitations period the case was timely. 2008 WL 2127852 (W.D. La. May 19, 2008).

Third, the government cites to no case in this Circuit that permits a finding of effect on commerce merely because a store "served customers" from the District. Such a basis for effect on commerce stretches the bounds of venue too far. *Cf. United States v. Auernheimer*, 748 F.3d 525 (3d Cir. 2014) (holding that mere disclosure of email addresses of New Jersey residents was insufficient to provide venue in New Jersey for Computer Fraud and Abuse Act claim). Under the government's theory, if someone robbed an airport bar in Texas, venue could be proper anywhere that a customer resides, since airport bars serve customers from potentially every district in the United States. More is required for venue and more is required for an effect on commerce. The fact that more is required is clear from *Auernheimer*. The Third Circuit stressed that the interconnectivity of society will dictate more scrutiny and stressed that "venue in criminal cases is more than a technicality." *Id*. at 529.

Finally, any evidence of effects on commerce have yet to be presented to a jury. At the very least, the Court should reserve resolution of this issue until the end of the government's case in chief.

## CONCLUSION

For the foregoing reasons and any others the Court finds after a hearing on this motion, the District of Columbia is the improper venue for counts three, four, five, nine, eleven, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, and twenty-one in the Indictment and they must be dismissed.

    Respectfully submitted,

    A. J. KRAMER
    FEDERAL PUBLIC DEFENDER

    */s/ Diane Shrewsbury*
    DIANE SHREWSBURY

BENJAMIN SCHIFFELBEIN
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500