UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ASHLEY GAUSE,**<br>**D'MARRELL MITCHELL,**<br>**TERRANCE BRANHAM, and**<br>**DEAUNDRE BLOUNT,**<br><br>          **Defendants.** | Case No. 23-CR-190 (ABJ) |

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING LOSS INVENTORIES**

    This case involves at least seventeen robberies from certain businesses, specifically pharmacies and cellphone stores. Following each robbery, the targeted businesses prepared records reflecting lost inventory. *See, e.g.*, Gov't Exhibits 109, 1020, 1506. These records were not created at the request of the Government, but as part of each store's practice in the regular course of their respective businesses. With respect to the pharmacies, each store is required by federal and state regulation to report the theft or even the accidental loss of pharmaceuticals. The pharmacies also report theft or loss as part of their regular business practices to ensure that they have accurate and sufficient inventory and are tracking sales appropriately. Similarly, the cellphone stores victimized in these robberies track lost or stolen inventory for the same reason: they need to maintain an accurate and sufficient inventory to support their customers. Accordingly, for each list of lost inventory, each business provided a certificate signed by a person with knowledge that the records were authentic, that they were made at or near the time of the loss, by a person with knowledge, and that they were kept in the ordinary course of their respective regularly conducted business activity. *See* Gov't Exhibits 109, 1020, 1506. These certificates track the exact language and requirements of Federal Rules of Evidence 803(6) and 902(11). Therefore, these inventory lists are admissible as business records.

1

## ARGUMENT

Federal Rule of Evidence 803(6) provides, in relevant part, that certain records are exempt from the prohibition on hearsay if those records meet certain conditions:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] (C) making the record was a regular practice of that activity.

Fed. R. Evid. 803(6). "The justification for this exception is that business records have a high degree of accuracy because the nation's business demands it, because the records are customarily checked for correctness, and because recordkeepers are trained in habits of precision." *United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982).

These conditions can be satisfied through "the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)." Fed. R. Evid. 803(6). In turn, Federal Rule 902(11) requires that certification be made by a "custodian or another qualified person," and also provides that an adverse party be given sufficient time to review and object to the certifications. Fed. R. Evid. 902(11).

The standards for who can serve as a "custodian or another qualified person," are fairly relaxed. As the D.C. Circuit has held, "[t]o lay an adequate foundation under Rule 902(11) (or under Rule 803(6), which Rule 902(11) extends by allowing a written foundation in lieu of an oral one), the custodian of the records need not have personal knowledge of the actual creation of the document." *United States v. Adefehinti*, 510 F.3d 319, 325–26 (D.C. Cir. 2007), *as amended* (Feb. 13, 2008), *judgment entered,* 264 F. App'x 16 (D.C. Cir. 2008) (internal quotation omitted); *see also United States v. Al-Imam*, 382 F. Supp. 3d 51, 58 (D.D.C. 2019) ("[A] witness is qualified to testify that a record was made at or near the time of an occurrence based on general familiarity

with a business's record-keeping procedures, even if the witness knows nothing about the creation of the particular record itself.")

In *Adefehinti*, a defendant argued that the individuals who had certified certain bank records as business records had no direct knowledge of how those records were made and therefore were not qualified to make such a certification. *Id.* at 325. The records included documents submitted to a bank to obtain a loan, such as a mortgage loan and other records. *Id.* at 324-325. In other words, those documents did not originate with the bank and none of the bank's employees could "competently address the *original* creation of the records[] that had occurred in the course of the mortgage brokers' business." This Circuit rejected these arguments. In doing so, this Circuit cited with approval *United States v. Jakobetz*, in which a toll receipt that was incorporated into a business's records was admitted as a business record, despite its custodian having no knowledge of the toll receipt's preparation. 955 F.2d 786, 800 (2d Cir. 1992).

Here, the proffered inventory lists demonstrate a substantially higher level of reliability than the bank records in *Adefehinti*. These records were generated internally by employees of the relevant stores either to report to federal and state regulators the loss of controlled substances or by major international corporations to track inventory. The Government has provided the corresponding certifications from qualified individuals with knowledge. That is all that is required by Federal Rules of Evidence 803(6) and 902(11). The Government is not required to call as a witness every individual who personally reviewed each store's inventory following a robbery and compared it to the previous day's inventory. To find otherwise would violate the standard articulated in *Adefehinti*.

Given these flexible standards, courts have admitted similar loss records as authentic business records. For example, more than sixty years ago, before the advent of digital records, in

3

*Cullen v. United States*, the Eighth Circuit affirmed the admission of audit sheets reflecting losses at a bank following a robbery. 408 F.2d 1178, 1179–80 (8th Cir. 1969). There, a bank employee made "tally sheets of funds on hand at the opening of business and audit sheets disclosing funds remaining at each teller's cage following visitation by the robber." *Id.* at 1179. The Eighth Circuit affirmed the admission of those records because they were certified by "an officer of the bank and custodian of the audit records." *Id.* at 1180. It did so despite the defendant's argument that "the[] audit records were not made in the regular course of business, since the calculation of loss from an armed robbery is not a regular business activity of a bank" (*i.e.*, the same argument advanced by the defendants in this case). The Circuit described this argument as "utterly lacking in merit." *Id.* This is so because "[t]allying of cash received and disbursed is a fundamental and regular business operation of a bank. That such recording may occur after an unusual event such as a bank robbery does not alter the fact that the records were prepared in a regular manner." *Id.*

Similarly, in *United States v. Ross*, the Third Circuit affirmed the admission of two "Stolen Ticket Reports" generated by the Pennsylvania Lottery after the robbery of a convenience store. 849 F. App'x 343, 347 (3d Cir. 2021). The defendant there argued that the reports were inadmissible because the witness who certified them, the Lottery's acting director of security, did not personally receive or verify them. *Id.* The Circuit rejected this argument because the witness demonstrated a familiarity with the process by which the reports were created and maintained.[1] *Id.*

Additionally, the Ninth Circuit has permitted the admission of forensic account records--functionally corporate loss records--as authentic business records. For example, in *S.E.C. v. Jasper*,

---

[1] In *Ross*, the Circuit found that certain statements contained in the "Stolen Ticket Reports," namely statements made by the store owner, should not have been admitted. *Id.* at 347. In this case, certain reports, in particular those provided by CVS, also contained a narrative describing the robbery. The Government is not offering those portions or any other hearsay portion of these records into evidence.

the Ninth Circuit found that a 10-K Restatement, which included a detailed review of an accounting inquiry—including comparisons between backdated stocks and the market price when those backdated stock options were granted and a business' losses and expenses—were business records and admissible. 678 F.3d 1116, 1122–23 (9th Cir. 2012). Although that record contained significant subjective determinations by a team of accountants, it otherwise complied with the business record requirements, and the Ninth Circuit therefore affirmed its admission. *Id.*; *see also United States v. Hussain*, No. 16-CR-00462-CRB, 2018 WL 3619797, at *25 (N.D. Cal. July 30, 2018), *aff'd*, 818 F. App'x 765 (9th Cir. 2020).[2]

The records offered in this case satisfy all of the requirements of Federal Rules of Evidence 803(6) and 902(11). They are admissible and authentic, and their admission based on the certifications is not only proper, but will significantly streamline the presentation of evidence in a lengthy case.

                                                                                 Respectfully submitted,

                                                                                 JEANINE FERRIS PIRRO
                                                                                 United States Attorney

                                                           By:   /s/ *Sarah Martin*
                                                                                 Sarah Martin
                                                                                 Assistant United States Attorney
                                                                                 D.C. Bar 1612989
                                                                                 601 D Street NW
                                                                                 Washington, D.C.

---

[2] Defense counsel has suggested that, because the reports may have been prepared with a law enforcement purpose in mind, they do not qualify as business records. Courts have repeatedly rejected this argument. For example, in *United States v. Towns*, the Fifth Circuit found that purchase logs of pharmaceuticals were admissible as business records even though they were required by Texas law to be kept. 718 F.3d 404, 408 (5th Cir. 2013). As the Circuit explained: "The regularly conducted activity here is selling pills containing pseudoephedrine; the purchase logs are kept in the course of that activity. Why they are kept is irrelevant at this stage." *See also United States v. Veytia–Bravo*, 603 F.2d 1187, 1191 (5th Cir.1979) (finding the same for firearm records at gun shops which were mandated by law to be kept); *S.E.C. v. Jasper*, 678 F.3d 1116, 1123–24 (9th Cir. 2012) (same with respect to a restated 10-K).

(202) 252-6775
Sarah.Martin@usdoj.gov

6