UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  * | |
| * | |
| v.    * | Case No.  23-cr-00190-1 (ABJ) |
| * | |
| ASHLEY GAUSE   * | |

ooOoo

GAUSE OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
REGARDING BUSINESS RECORDS

Ashley Gause, through undersigned counsel, respectfully opposes the Government's Motion in Limine (ECF 255), filed on September 1, 2025, on the grounds that the particular documents do not qualify as "business records" and their admission would violate Ms. Gause's rights under the Confrontation clause.

The documents referenced in ECF 255 do not qualify as business records as they were prepared, at least in part, for the purpose of establishing or proving some fact at trial. *See United States v. Williams*, 740 F. Supp. 2d 4, 8-9 (D. D. C. 2010) (PLF). Each of the documents contains terms that are not self-explanatory and thus would require a witness to explain. *See, e.g.,* ECF 255-1, Stamped Ex 109. The documents and the certifications also make references to terms that are clearly not included as part of the entity's normal course of business in that they use terms such as "robbery" or other term that expresses a judgment or opinion and is unduly prejudicial. *Id.,* ECF 255-2, identifying the title of the "custodian" as "Major Crime Investigation Manager" and describing the records as "Stolen Inventory Report – Robbery 5/9/20 Walgreens . . . ".

The same or similar objection applies to the other documents referenced in the Motion in Limine.

Judge Friedman's analysis in the above-noted case addresses the very objections that Ms. Gause raises herein:

> the Supreme Court made clear in *Melendez–Diaz* that a document's status as a business record under the Federal Rules has little import for a Confrontation Clause analysis. "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." *Melendez–Diaz v. Massachusetts,* 557 US 305, 324 (2009). If a business record is testimonial, however — that is, if it has been prepared at least in part for "the purpose of establishing or proving some fact at trial" — then the record is not admissible unless the defendant has the opportunity to confront the declarant. *Id.* at 2540.
>
> As the Court already has determined, the documents in question were in fact produced at least in part for possible use in a criminal prosecution or the military equivalent. Whether the documents also qualify as business records under the hearsay rules therefore is irrelevant. This is true notwithstanding the cases cited by the government — most or all decided before the release of the Supreme Court's decision in *Melendez–Diaz* — for the proposition that "'business records are expressly excluded from the reach of *Crawford*.' . . . The Supreme Court in *Melendez–Diaz* decisively rejected that argument, and the Court therefore can accord it no weight.
>
> Because the statements contained in the autopsy report and the death certificate are testimonial within the meaning of that term established by *Crawford and Melendez–*

2

> *Diaz,* neither document will be admitted in evidence unless Dr. Ingwersen testifies. Nor will the government be permitted to make "an end run around *Crawford*" and *Melendez–Diaz* by placing Dr. Tops on the stand to repeat or summarize statements made in either of those documents. *United States v. Johnson,* 587 F.3d 625, 635 (4th Cir.2009) (warning that a witness may not be "used as little more than a conduit or transmitter for testimonial hearsay").

*United States v. Williams*, 740 F. Supp. 2d 4 at 8-9. Notably, most of the cases cited by the government pre-date *Melendez-Diaz.*

Since Crawford, the Supreme Court has repeatedly rejected attempts to rely on hearsay exceptions to bypass the Confrontation Clause. *See Michigan v. Bryant*, 562 U.S. 344, 354 (2011) ("[F]or testimonial evidence to be admissible, the Sixth Amendment 'demands what the common law required: unavailability [of the witness] and a prior opportunity for cross-examination.' " (quoting Crawford, 541 U.S., at 68). *See also Bullcoming v. New Mexico*, 564 U.S. 647, 658–59 (2011) ("*Melendez–Diaz*, relying on Crawford's rationale, refused to create a "forensic evidence" exception to this rule. 557 U.S., at 317 – 321. An analyst's certification prepared in connection with a criminal investigation or prosecution, the Court held, is "testimonial," and therefore within the compass of the Confrontation Clause. *Michigan v. Bryant,* 562 U.S. at 321 – 324.

Moreover, while the government at footnote 1 states that it is not offering any narrative or hearsay portions of the records, in fact as Stamped Exhibit 109 and the other exhibits reflect, the records the government has propounded do contain such

3

objectionable hearsay narratives.

Lastly, the Motion in Limine is untimely.

## CONCLUSION

Wherefore, for all the reasons set out above, Ms. Gause objects and opposes the introduction of the documents the government propounds in its Motion in Limine (ECF 255).

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**

Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served on all counsel of record via ECF this 2nd day of September, 2025.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**

4