UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-190-3 (ABJ) |
| | ) | |
| TERRANCE BRANHAM, | ) | |
| | ) | |
| Defendant. | ) | |

### TERRANCE BRANHAM'S SUPPLEMENT TO MOTION TO EXCLUDE LATE-NOTICED EXPERT NOTICE

Terrance Branham, through undersigned counsel, submits this Supplement to Defendant Mitchell's Motion to Exclude Late-Noticed Expert Witnesses [ECF 253] that Mr. Branham adopted and joined on September 1, 2025. Mr. Branham submits this Supplement to address the late-noticed firearm and toolmark identification expert Sydney Rednour.

Federal Rule of Criminal Procedure 16 specifically describes the timing of disclosures and what must be included in an expert notice.

> (ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.
> (iii) Contents of the Disclosure. The disclosure for each expert witness must contain:
>    • a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
>    • the bases and reasons for them;
>    • the witness's qualifications, including a list of all publications authored in the previous 10 years; and
>    • a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G).

1

The government filed its expert notices on June 20, 2025. The firearms and tool mark identification notice was deficient for several reasons. First, the notice did not provide a complete statement of the unnamed expert's opinion, nor did it provide a bases for those opinions. As evident from subsequent disclosures - this would have been impossible to disclose, as the later named expert did not conduct any examinations until July 25, 2025. Its June 20, 2025 expert notice specifically noted that

> At trial, the witnesses will testify that test-fired cartridge casings from the firearms recovered on April 1, 2021 and May 27, 2021 were searched in NIBIN (National Integrated Ballistic Information Network) to discover if this evidence is related to other shootings in the United States. The witnesses will testify that a NIBIN lead was previously generated on August 16, 2022 after Henrico County conducted a test fire of the firearm recovered on April 1, 2021. That NIBIN lead connected the firearm to a domestic violence offense on June 26, 2020, in the District of Columbia, in which Defendant Neal unlawfully discharged a firearm.

[ECF 178 at 4] As of June 20, 2025, the bases of the expert's proposed testimony was still hypothetical, as no expert had completed the requisite physical analysis to confirm the NIBIN lead. Notwithstanding that, the government noted the following as the bases of the expert's opinion:

> The witnesses will testify that the surfaces of a firearm, such as the breech face, firing pin or a barrel, will, because of manufacturing, augmented by subsequent wear and tear, have tiny imperfections and irregularities at the microscopic level even when manufactured to rigorous specifications. When a firearm is fired, these microscopic dents, burrs, and other minute blemishes are transferred to different parts of the fired ammunition. *Observations of these phenomena form the basis of the firearm and toolmark examiner's conclusions, which will be documented in a laboratory report. Once a laboratory report(s) is generated in this case, it will be disclosed as part of discovery.*

[ECF 178 at 3, emphasis added]. A report was not disclosed until August 8, 2025.

On August 25, 2025, the government filed a Supplement to Notice of Expert Testimony in the Field of Firearm and Toolmark Identification [ECF 239] wherein, it specifically noticed its intention to call Sydney Rednour as an expert in the field of firearm and tool mark identification.[1] The August 25, 2025 is also deficient because it does not provide the bases and reasons for the opinion. Specifically, the notice states:

> The Physical Scientists/Forensic Examiners' opinions are based on the results of the examinations of the evidence, which will be documented in their 1A case file materials, which will be provided in discovery and are hereby incorporated by reference, as well as their training, education, experience, and expertise as Physical Scientists/Forensic Examiners. The witnesses' expert opinions, which will be set forth more fully in their report(s), and the basis for those opinions, are guided by the Operations Manual, Quality Assurance Manual, and applicable Technical Procedures, each of which will be provided in discovery and are hereby incorporated by reference. The witnesses may also rely on peer-reviewed literature to provide context to the results of the examinations.

ECF 239 at 7. The materials referenced above, and incorporated by reference were not provided until Sunday, August 31, 2025. This leaves little time for the defense to meaningfully evaluate the evidence or consult with an expert.

The government's August 25, 2025 notice also states that at on August 20, 2025, parties came to a stipulation in principle that would obviate the need for Ms. Rednour's testimony. The government's offer to reach a stipulation was to resolve Mr. Branham's objection to inflammatory testimony about Mr. Neal discharging a firearm during a domestic violence incident where Mr. Branham was not present [ECF 197 at 6-7]. Mr. Branham cannot properly evaluate any proposed stipulation without having the opportunity to evaluate the evidence he is

---

[1] The government also noticed its intention to call Corporal Steven Holland as an expert to testify about the operability of the firearm recovered on May 7, 2021. Mr. Branham will make no additional argument on Corporal Holland's proposed testimony beyond those arguments he joined in ECF 253.

being asked to stipulate to. As of August 20, 2025, the government had yet to provide that evidence and provide expert notice that complied with Federal Rule of Criminal Procedure 16. The discussion of a hypothetical future stipulation—to which Mr. Branham has not yet agreed—does not obviate the government's discovery obligations. Accordingly, the government's failure to provide timely notice that complies with Rule 16 should result in exclusion of the expert testimony and evidence.

        Respectfully submitted,

        _____/s/_____
        Errin R. Scialpi
        Bar #: 501051
        503 D Street, N.W. Suite 300
        Washington, D.C. 20001
        phone: 202-643-4418 Fax: 202-478-0301
        ScialpiLaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

        _____/s/_____
        Errin R. Scialpi