UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.     * | Case No.  23-cr-00190-1 (ABJ) |
| * | |
| ASHLEY GAUSE    * | |

ooOoo

**GAUSE OPPOSITION TO ADMISSION OF EXCERPTS OF CALLS ALLEGEDLY MADE BY DEFENDANT BRANHAM TO DEFENDANT GAUSE**

Ashley Gause, through undersigned counsel, opposes the admission of GEX 3005.1, 3004.1, 3004.3, which are excerpted from a February 5, 2023 call, which the government alleges was made by defendant Branham to Gause from the Lawrenceville Correctional Facility.  *See* Minute Order, 9/9/2025.  The alleged excerpts should be excluded for multiple reasons as they are inadmissible hearsay, are unintelligible in many respects, and appear to incriminate Ms. Gause.  The excerpts also appear to contain FRE 404(b) evidence not timely noted.  The calls also fail to comply with DC Circuit procedures for the introduction of recordings, which require the government to produce a transcript sufficiently in advance to allow the defense to review and propose an alternative transcription.

## I.  The Statements Allegedly Made by Branham Inadmissible

### A.  Hearsay

The Court already found that the statements are not co-conspirator statements.  Accordingly, the excerpts that purport to relate Branham's statements are inadmissible under FRE 801.  The excerpts are out-of-court statements offered for the truth of the matter asserted by a declarant, who is not expected to be testifying at tr**ial.**

1

B.     Unintelligible Statements

In many respects, the statements are unintelligible. That is, segments of the recordings are not subject to being adequately understood either because of the volume or the other technical issues. Indeed, some of the excerpts include ellipsis as well as the term "unintelligible" which make the entire excerpts unintelligible, or at a minimum confusing. *See, e.g,* Exh. 3005.1. As such, they should be excluded.

Recorded conversations create special admissibility problems. To be admissible, a recording must be "audible and comprehensive enough for the jury to consider the contents." *United States v. Slade*, 627 F.2d 293, 301 (D.C. Cir. 1980). Tape recordings are inadmissible where the "unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *United States v. Monroe*, 234 F.2d 49, 55 (D.C. Cir. 1956). Recordings also must be "authentic, accurate, and trustworthy." *Slade, supra*. Here, while the government has excerpted segments of a lengthy recording, the recording themselves contain too many unintelligible portions to be admissible. Some of the terms used are not self-explanatory and thus would require a witness to explain.

The practice the D.C. Circuit has approved when the government seeks to use a transcript of a recording in a criminal trial is workable only if the government produces any transcript it intends to use in advance of trial to allow the defense to review and prepare an alternative transcript if necessary:

> We believe that the best practice remains for the parties to devise a stipulated transcript. On many occasions a defendant may object to the accuracy of a transcript and argue that the underlying tape recording is too unintelligible to be effectively

2

>challenged. If there is a general objection to the accuracy of the transcript, but no alternative transcript is offered, then the judge may review the transcript against the tape and whatever other evidence is presented and certify the transcript's accuracy, but the jury must be informed that the transcript is only one party's version. If a party makes specific objections to the transcript, or offers an alternative transcript, then "the jury is entitled to consider the divergence in two transcripts of the same conversation, with the recording of it, as a problem of fact to be resolved in the traditional manner." The jury may be given one transcript containing both versions of the disputed portions or two separate transcripts. The parties should each be given an opportunity to put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version. No matter which of these procedures is utilized, the jury should be instructed that the tape recording constitutes evidence of the recorded conversations and the transcript is an interpretation of the tape. The jury must be instructed that they should disregard anything in the transcript that they do not hear on the recording itself. Moreover, the court must ensure that the transcript is used only in conjunction with the tape recording.

*United States v. Holton*, 116 F.3d 1536, 1542-43 (D.C. Cir. 1997).

While counsel has endeavored to listen to the whole recording, there simply is not enough time at this point in the proceedings to make out what is allegedly said by Branham or by Ms. Gause herself or to have the recordings professionally transcribed.

Other of the excerpts include statements that are simply unintelligible without a witness to explain their meaning. *See, e.g,* Exh. 3004.1 and 3004.2. Only a participant to the call can explain what the speakers meant. Neither alleged participant is available to testify.

### C.    The Statements May Be Interpreted As 404(b) Evidence

Some of the statements allegedly made by Branham appear to implicate "other crimes

and wrongs, not previously noted by the government. *See, e.g.,* Gov Exh. 3004.1-3004.3. For example,

> "BRANHAM: "I don't need no extras, and bruh can feel how he feel…I sat down and I added up and thought about everything bruh, that was just extra extra 30, 20, 40 bags giving it away"

Exh. 3004.3. The reference to the number of bags may be interpreted as a reference to the sale of marijuana.

Similarly, the following statement, it it can be understood at all without explanation may be interpreted as possible 404(b) "other wrongs":

> BRANHAM: "I'm gonna grab me two young n***** bruh, we gonna mold them…pave the way for them, show them the way…I'm gonna tutor them…"

*Id.* The entirety of Exhibits 3004.3; 3000.1; 3000.3 are objectionable for this same reason**.**

### D.    Bruton/Hearsay Issues

To the extent Branham's alleged statements may be interpreted as referencing illegal conduct, their admission against Ms. Gause violates her Sixth Amendment rights to confront witnesses against her and are inadmissible hearsay. Where as here, the government believes that the statements provide evidence of the charged conspiracy, the statements must be excluded pursuant to *Bruton* and its progeny. *Bruton v. United States,* 391 U.S. 123, 135–136 (1968) ("incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant [cannot be spread] before the jury in a joint trial....")

E.  Statements Should Be Excluded Pursuant to Rule 403

The alleged excerpts should be excluded pursuant to FRE 403. Given the unintelligible portions and the cryptic comments, whatever their probative value, it is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. Accordingly, they must be excluded.

F.  Authentication

The excerpts would also require authentication, which the government has failed to provide.

**CONCLUSION**

For all the above reasons, the Court should exclude the excerpts of an alleged jail house call by Mr. Branham.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**

Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served on all counsel of record via ECF this 12th day of September, 2025.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**