UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No.  23-cr-00190-1 (ABJ) |
| | * | |
| ASHLEY GAUSE | * | |

ooOoo

### GAUSE MOTION FOR SUFFICIENT TIME TO FILE A REPLY TO THE GOVERNMENT'S S MEMORANDUM IN SUPPORT OF THE ADMISSION OF NON-TESTIMONIAL JAIL CALLS

Ashley Gause, through undersigned counsel, hereby respectfully moves for sufficient time to file a Reply to the Government's Memorandum in Support of the Admission of Non-Testimonial Jail Calls (ECF 283), filed this evening at 9:00 pm in compliance with the Court's Minute Order (9/14/2025).

Counsel requires additional time for several reasons.  Counsel, a solo practitioner, is preparing her Opening Statement, which is scheduled for tomorrow morning, September 16, 2025. As the Court is aware, the past three weeks have involved a steady number of hearings and court filings in response to the thousands of exhibits the government seeks to introduce at trial, which have required round-the-clock work, responding to the three prosecutors assigned to the instant case and has left little time to complete tasks necessary for opening statements and cross-examination. More importantly, a quick review of the government's Memorandum indicates that a reply is necessary.

For example, the case cited by the government, *United States v. Hayes*, 369 F.3d 564, 568 (D.C. Cir. 2004), misstates the holding and is inapposite.  The government included a parenthetical that the Circuit "revers[ed] the conviction and [held] that district court abused its discretion by

1

excluding defendant's recorded statement)"[1]  The conviction was not reversed; it was affirmed.[2]

Moreover, the case is factually inapposite. As the Circuit explained:

> Hayes does not argue that the court erred in admitting the first tape. His argument - with which we agree - is that the court abused its discretion in refusing to allow him to cross-examine Sweeney about the second tape and to introduce it as substantive evidence. The government makes no effort to defend the court's "beyond the scope" ruling. The sole purpose of admitting the first tape was to show that Mellen asked Sweeney to get Hayes involved in a cover-up. It must have left the jury with the impression that Sweeney followed up and got Hayes to agree. Hayes was "not required to let this potentially damaging inference hang in the air." *Macaulay v. Anas,* 321 F.3d 45, 53-54 (1st Cir.2003). "It is always open in a criminal case for the defendant to explain away the force of specific items of the government's proof by showing the existence of other hypotheses." *United States v. Foster,* 986 F.2d 541, 545 (D.C.Cir.1993).

*Hayes*, 369 F.3d 564 at 568.  In *Hayes,* the defendant was seeking to contend with evidence the government had introduced.  Here, the government is seeking to introduce a segment of a taped

---

[1]  Gov Memo (ECF 283) at 4.

[2]  *United States v. Hayes*, 369 F.3d 564 (D.C. Cir. 2004) (emphasis added):

> The Court of Appeals, Randolph, Circuit Judge, held that:
>
> 1 District Court did not abuse its discretion by refusing to allow defendant to recall government witness/coconspirator for additional cross-examination intended to impeach witness's credibility;
> 2 defendant was entitled to introduce taped telephone conversation in which defendant told coconspirator to "tell the truth," as non-hearsay, after government's introduction of preceding taped conversation; and
> 3 District Court's errors of excluding telephone conversation and refusal to permit cross-examination of coconspirator/government witness about conversation were harmless, given strength of government's case.
> ***Affirmed.***

conversation not defensively, but as a bludgeon against Ms. Gause and Mr. Branham. Moreover, the taped conversation in Hayes appears to have taken place just as the conspiracy was being disrupted by law enforcement. In the instant case, the government seeks to introduce a taped conversation from February 2023, nearly two years after the instant conspiracy had ended with the Pasadena arrests in May 2021.

> transcript, or offers an alternative transcript, then "the jury is entitled to consider the divergence in two transcripts of the same conversation, with the recording of it, as a problem of fact to be resolved in the traditional manner." The jury may be given one transcript containing both versions of the disputed portions or two separate transcripts. The parties should each be given an opportunity to put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version. No matter which of these procedures is utilized, the jury should be instructed that the tape recording constitutes evidence of the recorded conversations and the transcript is an interpretation of the tape. The jury must be instructed that they should disregard anything in the transcript that they do not hear on the recording itself. Moreover, the court must ensure that the transcript is used only in conjunction with the tape recording.

*United States v. Holton*, 116 F.3d 1536, 1542- 43 (D.C. Cir. 1997).

As the government will not be seeking to introduce the conversation until the case agent testifies at the end of the trial, undersigned counsel should be granted sufficient time to reply to the Government memorandum, which seeks to introduce an unduly prejudicial statement with little or no relevance.

Counsel believes that the other arguments made by the government are equally unavailing and inapposite. ….")

## CONCLUSION

For all the above reasons, Ms. Gause through undersigned counsel respectfully requests that she be granted the standard 7-day period to file a reply so that she is able to adequately prepare a reply and not have essential trial preparation time taken up unnecessarily.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**

Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served on all counsel of record via ECF this 15th day of September, 2025.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**