UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 23-cr-190-02 (ABJ) |
| D'MARRELL MITCHELL | : | |

### RESPONSE TO ORDER OF THE COURT REGARDING CO-CONSPIRATOR LIABILITY INSTRUCTION

Mr. D'Marrell Mitchell, through undersigned counsel, respectfully submits this response to the Court's order providing a deadline to notice any objection to the inclusion of co-conspirator liability instructions in the substantive counts of the jury instructions.   Codefendants Gause and Branham join in this response.

Mr. Mitchell's objection is based on the Indictment in this case and the government's theory of liability noticed in the Indictment and presented at trial.   It is clear from both the Indictment and the government's presentation of evidence at trial, that the government has only charged individual defendants with robberies or firearm charges where the government believes that defendant was actively involved, whether as a principal or as an aider and abettor.   Had the government intended to proceed on a co-conspirator liability theory, the government would have charged each of the defendants with all of the robberies that occurred during their period of involvement in the conspiracy.   For example, the government would have charged Ms. Gause and Mr. Mitchell in all of the robberies during the course of the conspiracy, and not only the ones where there was alleged cell site evidence relating to a particular defendant, or where Ms. Gause or Mr. Mitchell did searches or sent text messages about.

The government has elected to proceed and present evidence about aiding and abetting liability, not co-conspirator liability.   Providing the co-conspirator liability instruction for every

robbery and firearms count would confuse the issues and be inconsistent with the government's clear theory as presented to the jury during the last five weeks of testimony.

Additionally, *Pinkerton* was wrongly decided and the defendants object to the government's proposed instruction on that ground as well. Utilizing the *Pinkerton* instruction essentially eliminates the requirement that the jury find the relevant scienter as it pertains to each charge for each individual and instead substitute the scienter of one conspirator for the scienter of another. *See, e.g.*, Brief *Amicus Curiae* The National Association of Criminal Defense Lawyers in Support of Petitioner at 9, *Reese v. United States*, No. 25-2 (U.S. Sept. 22, 2025) ("legislatively determined *scienter* must be proven beyond a reasonable doubt to differentiate those who commit the acts innocently from those who do not. *Davis v. United States*, 160 U.S. 469, 484 (1895); *Morissette v. United States*, 342 U.S. 246, 251-252 (1952); *Ruan v. United States*, 597 U.S. 450, 457 (2022) ("as a general matter, our criminal law seeks to punish the 'vicious will'") (internal quotation marks omitted), *quoting Morissette*, 342 U.S. at 246."). *See also* Petition for Writ of Certiorari, *Reese v. United States,* No. 25-2 (U.S. June 27, 2025); Brief for *Amicus Curiae* Due Process Institute in Support of Petitioner, *Reese v. United States*, No. 25-2 (U.S. July 2025). For example, if Mr. Mitchell or Ms. Gause could be found guilty via co-conspirator liability for the firearm used by Mr. Thomas, the jury would not be required to find beyond a reasonable doubt that Mr. Mitchell or Ms. Gause had the requisite knowledge or intent to use the firearm. Therefore, the jury would not be required to find every element of 18 U.S.C. § 924(c) beyond a reasonable doubt as to Mr. Mitchell and Ms. Gause. They would be able to apply Mr. Thomas's knowledge or intent to Mr. Mitchell or Ms. Gause in violation of Congress's legislative choice. A cert petition seeking to overturn *Pinkerton* is currently pending before the U.S. Supreme Court. *See* Petition for Writ of Certiorari, *Reese v. United States,* No. 25-2 (U.S.

June 27, 2025).

    Therefore, Mr. Mitchell objects to the inclusion of the co-conspirator liability instruction with each of the robbery counts and the firearms counts.

                                        Respectfully submitted,

                                        A. J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        */s/ Diane Shrewsbury*
                                        DIANE SHREWSBURY
                                        BENJAMIN SCHIFFELBEIN
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W., Suite 550
                                        Washington, D.C.   20004